## BOATMAN ET AL. *v.* SMITH, EX'R.

VENDOR AND PURCHASER.—*Failure of Title.*—Where, for failure of title to a portion of the land conveyed by a warranty deed, the purchaser recovers judgment against the vendor, it should include interest on the part of the purchase-money paid for such portion; or, where a note was given for the purchase-money, it should be regarded as having been credited, as of the day on which it was given, with the price of the portion the title of which has failed.

From the Newton Circuit Court.

*Troxell, Ward & Graham,* for appellants.

*J. H. Ash,* for appellee.

WORDEN, J.—On January 11th, 1865, John Bates conveyed to John C. Boatman, by warranty deed, certain lands lying in Newton county, amounting to a fraction over three hundred and eighty-three acres, at twelve dollars per acre " all around," as is shown by the evidence. Boatman paid the purchase-money down, except the sum of two thousand three hundred and one dollars and seventy-five cents, for which sum he executed a note of that date to Bates, payable one year thereafter, with interest from date, and a mortgage on the land to secure the payment of the note. This action was brought by Smith, as the executor of Bates, to foreclose the mortgage, and there was judgment in favor of the plaintiff for the sum of one thousand nine hundred and ten dollars.

The defendant moved for a new trial, upon the grounds, amongst others, that the damages were excessive, and that there was error in the amount of the recovery, it being too large. The motion was overruled, and an exception taken.

It appeared by credits entered upon the note, that three hundred and one dollars and seventy-five cents had been paid thereon, leaving the even sum of two thousand dollars due, and that the interest on this had been paid up to July 14th, 1868. The trial was had and judgment rendered September 14th, 1872. The interest accruing on the note during the four years and two months being five hundred dollars, there was

due for principal and interest on the note, when judgment was rendered, the sum of twenty-five hundred dollars.

But the defence was, that the land was encumbered with taxes to the amount of one hundred and ten dollars at the time it was conveyed by Bates to Boatman, which sum the latter had been compelled to pay, and that the title to forty acres of the land had failed. It was admitted on the trial "that there was a paramount outstanding title to said forty acres" (describing the same) " in Mr. A. J. Kent, which had never been owned by the said John Bates, and therefore the title to said forty acres had wholly failed." These matters were set up, by way of counter-claim, as breaches of the covenant in the deed from Bates to Boatman. There seems to have been no particular controversy about the taxes. They were sufficiently proved, and the court must have allowed them as well as the four hundred and eighty dollars, the contract price of the forty acres to which the title failed. Thus the one hundred and ten dollars for the taxes, and the four hundred and eighty dollars for the forty acres, deducted from the amount due upon the note at the date of the judgment, leaves precisely the amount found by the court, viz., nineteen hundred and ten dollars. But, to say nothing of interest on the amount which Boatman had been compelled to pay for taxes, he was clearly entitled to interest on the four hundred and eighty dollars given for the land to which he got no title, from the time of the execution of the deed to him. At that time he paid a part of the entire purchase-money, and gave the note for the residue. If the part of the land to which the title failed be regarded as having been paid for at the time of purchase, the defendant was clearly entitled to interest from that time. If, on the other hand, the purchase-money for that part of the land be regarded as constituting a part of the consideration of the note, the defendant should have interest on the amount, in order to meet the accruing interest on so much of the note. Or, what comes to the same thing, the note should be regarded as having been credited with the sum of four hundred and eighty dollars as of the day when it was given. The interest

on the four hundred and eighty dollars, from the time of the purchase until the rendition of the judgment, amounts to two hundred and twenty dollars and eighty cents, and the judgment below is, to that extent, excessive.

If the appellee shall, within sixty days from the filing of this opinion, remit the sum of two hundred and twenty dollars and eighty cents, part of the judgment below, as of the date when the same was rendered, the residue of the judgment will be affirmed, at his costs, to be levied of the goods and chattels, etc., of his testator; otherwise, the judgment will be reversed, at his costs, to be levied in like manner.