No. 9113.

JULIEN v. WOODSMALL.

TRESPASS.—*Taking Ice.—Easement.*—The right to maintain a mill-dam and exercise the privileges belonging thereto, and to overflow thereby the lands of another, does not confer the right to take ice formed thereon.

SAME.—*Railroad.*—By acquiring an easement in the lands of another, for the construction of its road across the same, a railroad company takes. no right to ice which may form within the boundaries of its right of way. Such ice is the property of the owner of the land, and a stranger taking it is liable as a trespasser.

From the Marion Superior Court.

*A. L. Roache* and *E. H. Lamme*, for appellant.
*D. V. Burns* and *C. S. Denny*, for appellee.

BLACK, C.—This action was brought by the appellee against the appellant and another. During the progress of the cause, before trial, the action was dismissed as to said other defendant, and he need not be further mentioned.

The complaint alleged that the appellee was, and for nine years had been, the owner in fee simple, and in possession, of certain land described, in Marion county, Indiana; that running through said land is a stream of water known as Big

Eagle Creek; that in the winter of each of said years, said stream, upon said real estate, had produced and yielded a large quantity of valuable ice; that the appellant, during each of said years, had wrongfully and unlawfully entered upon and taken from said stream and land a large quantity of said ice belonging to appellee, and appropriated the same, and the proceeds thereof, to his own use. It is sought to recover the reasonable value, which is stated, of the ice so taken.

The appellant answered in six paragraphs. The first was the general denial. By the second and third he pleaded the limitations of two years and six years. The fourth paragraph alleged, in substance, that on, etc., one Holmes was the owner in fee simple of all the land on both sides of said stream; that before said Holmes sold or disposed of the land described in the complaint, or any part thereof, he sold and conveyed to the grantors of the defendant a certain tract of land south of the land in the complaint mentioned, "together with a certain mill-race, water privileges, etc., described in the words, following, to wit: 'Together with the privilege of the right of way for the mill-race already located thereon; also, the use of the dam and all water privileges belonging to said mill-dam, including the right of taking gravel from the creek below the dam, to keep the same in repair;'" that the appellee and his grantors took the land in the complaint mentioned subject to all privileges and benefits arising from said dam.

The fifth paragraph alleged that all the ice that grows or is made upon said stream, is so made by reason of a certain dam, built, owned and maintained by the appellant, at his sole expense; that in the construction of said dam, appellant spent five thousand dollars; that it is maintained at an annual expenditure of five hundred dollars, and that, without the maintenance of such dam, there would be no marketable ice upon said stream.

The sixth paragraph alleged, that the title in and to the bed of said creek is in the I. & St. L. R. R. Co. and the Central Plank Road Company, and not in the appellee.

There was a reply in denial to the second and third paragraphs of the answer.

The court sustained a demurrer to each of the fourth, fifth and sixth paragraphs of the answer.

Upon a trial by jury, the verdict was for the appellee. The appellant filed his motion for a new trial, which was overruled, and judgment was rendered upon the verdict. Appellant appealed to the general term, where he assigned as errors the rulings upon the demurrers to the fourth, fifth and sixth paragraphs of the answer, and the overruling of the motion for a new trial.

The judgment at special term was affirmed, and this is here assigned as error.

If, by the fourth paragraph of the answer, it was meant to claim that the rights, privileges and benefits, subject to which it is said the appellee took his land, included the right of the appellant to enter and take ice formed in the waters of the dam where those waters covered land of the appellee, the paragraph wants allegations necessary to the statement of such a claim. It is not stated that the ice alleged in the complaint to have been taken was formed over the land covered by the waters of the dam. No relation is shown between the privileges alleged and the acts charged in the complaint. If the right to enter and take said ice could be so acquired, still, the pleading lacks necessary certainty.

That one, by merely backing the waters of a non-navigable stream, as alleged in the fifth paragraph, may gain a right to enter and take the ice formed in such back-water over the land of another, seems to need no contradiction.

It may be said in connection with these answers, that the appellant's ownership of the " water privileges belonging to such mill-dam," and the rightful maintenance of said dam at his own expense, did not authorize him to enter upon the land of the appellee and take the ice formed over such land in the waters of the dam. The State v. Pottmeyer, 33 Ind. 402 (5 Am. R. 224) ; Edgerton v. Huff, 26 Ind. 35 (overruled

as to the construction of certain statutes in *Water Works Co.* v. *Burkhart*, 41 Ind. 364).

The facts alleged in the sixth paragraph of the answer were provable under the general denial, and there was, therefore, no error in sustaining the demurrer to that paragraph. *Milner* v. *Hyland*, 77 Ind. 458.

The only grounds stated in the motion for a new trial, which have been noticed by counsel for the appellant in argument, are the refusal of the court to give to the jury the first instruction asked by the appellant, and the giving of the court's fourth instruction.

The first instruction asked by the appellant was as follows:

" If the Indianapolis and St. Louis Railroad had acquired the right of way across the creek and lands of the plaintiff by condemnation, by such condemnation the railroad company became absolute owner of such right of way, and the plaintiff can not recover for any ice that may have been taken from such right of way."

The fourth instruction given was as follows:

" Nor is it any justification that a part of the ice removed by the defendant, if you shall find that any was removed by him or by others authorized by him, was taken within the lines of the right of way of the Indianapolis and St. Louis Railway, where it crosses the plaintiff's land. Such ice belonged to the plaintiff, and the defendant had no right to enter within his lines and remove it therefrom."

It appears from the portions of the evidence in the record that the appellee was the owner of the fee within the lines of the right of way mentioned. This, however, would be presumed, as the evidence is not all in the record.

If the appellee had not the right to enter upon the right of way for the purpose of taking the ice, which is a question we need not decide, the railroad company had no authority to take anything found there, except for the construction, repair or operation of its road. Mills Em. Dom., section 210.

It is plain, then, that, even if the appellant were acting under

a license from the railroad company, he could not thereby be authorized to enter and take the ice for his own use, and certainly the right of the railroad company could not protect him, claiming no license, from liability to the owner of the fee for an act which that company could not authorize.

The ice was a part of the appellee's land, and even if it might have been taken by the railroad company for its own use, as claimed by counsel for appellant, it would then be taken under the exercise of the right of eminent domain, and the possession of such a privilege by the railroad company would not authorize the appellant to do the same thing, or excuse him from responsibility to the appellee.

If the appellee had not the right to enter and cut the ice, he would not thereby be deprived of his property in the ice, but only controlled in its disposition, and the severance thereof from his land was a violation of his right. *State* v. *Pottmeyer*, 33 Ind. 402, 408.

If, in the taking of the ice, the appellant became a trespasser upon the railroad company's right of way, that would not relieve him from liability to the owner of the fee for taking his property found there.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the costs of the appellant.