Filed March 20, 1885.

————◆————

No. 11,882.

THE AMERICAN CANNEL COAL COMPANY *v.* SEITZ.

REAL ESTATE.—*Reservation in Deed.—Agreement to Refund Price.—Measure of Damages.*—Where, in deeds of conveyance to separate tracts of land, but which adjoin each other, made at different times, there is a clause reserving minerals, the right of way thereto, and the right to take and use any or all of said land for purposes convenient for mining and transportation, the grantor agreeing to pay actual damages to improvements and

to "refund the price paid for so much of said land as may be so taken or used, with interest," the measure of damages for the taking of a part of each tract is to be determined by ascertaining what ratio the value of the part so taken bore, at the time of the conveyance, to the value of the whole of the tract from which it was taken, and upon a proportionate part of the price of such tract computing interest to the time of the trial; and the whole damages for the land taken is determined by adding the damages for the parts so taken from the several tracts.

From the Perry Circuit Court.

*H. J. May,* for appellant.

*S. B. Hatfield* and *W. Henning,* for appellee.

BLACK, C.—The appellee was the owner of four tracts of land adjoining each other in Perry county, holding them, one as the immediate grantee of the appellant, and the others as its remote grantee.

The deeds of conveyance from the appellant to the appellee and his grantors were warranty deeds, each containing a clause as follows: "Said company reserving the coal and minerals in or under said land, with the right of way thereto, and the right of way to any mine or mines that may be opened or used by said company, its lessees or assigns, on other lands, and the right of taking and using any or all of said land for entries, depots, ways or other purposes, convenient for mining and transporting minerals; said company agreeing to pay for all actual damage to the improvements that may be placed on said land, and refund the price paid for so much of said land as may be so taken or used, with interest."

The appellant, by its agents, entered upon these tracts so owned by the appellee and constructed upon and through them a railroad, to be used in its business of mining and transporting coal. The appellee, not having received compensation for the land so taken and the damage so suffered by him, brought this action therefor.

The only question before us relates to the measure of damages for such a taking of the appellee's land.

One of the deeds of conveyance above mentioned was dated

March 10th, 1856 ; the tract thereby conveyed contained three and sixty-five one-hundredths acres; the price expressed was $87. The quantity taken by the appellant from this tract was one acre and sixty-seven hundredths.

Another deed bore date February 13th, 1860, conveying a tract of ten acres, the price being $110. The quantity taken by the appellant from this tract was fifty-six hundreths of an acre.

Another deed was executed May 10th, 1860, the tract being seven and thirteen hundredths acres, the price being $250. Of this tract the appellant took thirty-four hundredths of an acre.

The remaining deed was executed May 6th, 1878 ; the tract conveyed contained four and thirty-one hundredths acres ; the price was $100. The part taken by the appellant from this tract was twenty-seven hundredths of an acre.

All the land taken by the appellant was cleared land. The portion taken from the tract conveyed by the last mentioned deed, which was the deed from the appellant to the appellee, was cleared when the appellee bought it. The portions so taken which were embraced in the second and third deeds were cleared by the appellant's grantee, who was the grantor of the appellee. The portion taken from the tract conveyed by the first deed had been cleared by the appellee.

The whole quantity of the land so owned by the appellee was about twenty-four acres. The whole quantity so appropriated by the appellant was about three acres.

The appellee asked several of his witnesses, " What portion of the real estate in value was taken by the American Cannel Coal Company ? "

Over objections of the appellant, the witnesses were permitted to answer. One answered :  " They took the one-fourth or one-fifth part in value of the whole lands." Another answered : "About one-fourth or one-fifth of the whole land was taken ; say one-fourth." Another answered : " The land taken by the company is worth one-fourth in value of all the

land." Another answered : " Think they have taken one-fourth the land in value, taking it in all." Another answered : " The company has taken from one-fourth to one-fifth in value of all of said land." Another answered : " In my opinion they have taken one-fourth in value of all the land." Two others answered : " One-fourth in value of the whole land was taken." Another answered : " The company has taken one-fifth or one-sixth in value of the whole land."

The measure of damages for breach of covenants for title in deeds of conveyance of land, where there is an entire failure of title, is the whole purchase-money, with interest. If the eviction be from only a specific part of land conveyed for a gross sum, the damages are to be computed by adding interest to the sum bearing the same ratio to the whole purchase-money that, at the time of the conveyance, the value of such specific part of the land bore to the value of the whole land conveyed; that is, for ascertaining on what portion of the purchase-money to compute interest, the relative value, instead of the average value, of the specific part from which there has been an eviction, is to be regarded, and such relative value is to be ascertained with reference to the time of the conveyance, instead of the time of the trial. 4 Kent Com. 475, 477; *Phillips* v. *Reichert,* 17 Ind. 120; *Hoot* v. *Spade,* 20 Ind. 326; *Boatman* v. *Smith,* 50 Ind. 403; *Wood* v. *Bibbins,* 58 Ind. 392; *First Nat'l Bank* v. *Colter,* 61 Ind. 153. In the case before us, the deeds provided for the refunding of the price paid for so much of the land as might be taken or used, with interest. If the whole of any tract so conveyed had been appropriated, the damages for the taking thereof would have been the purchase-money of such tract, with interest. If all the tracts had been wholly appropriated, the damages would have been the amount of the damages for the tracts severally. A part only of each tract having been taken, the measure of damages would be analogous to that in actions for breach of covenants for title, where there has been an eviction from a specific part; that

is, the damages for the part taken from each tract would be determined by ascertaining what ratio the value of the part so taken bore, at the time of the conveyance, to the value of the whole of the separate tract from which it was taken, and upon a proportionate part of the price of such tract computing interest to the time of the trial; and the whole damages for the land taken would be found by adding the damages thus ascertained for the parts taken from the several tracts.

The question to which the appellant objected manifestly called for a comparison, which the witnesses in their answers made, of all the land appropriated from the several tracts with the whole of said tracts considered together, instead of a comparison of the part taken from each tract with the whole of such separate tract; whereby a portion taken from one tract was compared with other tracts conveyed by other deeds at other times; and it is evident that it was intended that the comparison should be made, and that it was made, with reference to the values at the time of the trial instead of the times at which the deeds were made.

It would have been proper to prove the relative value of the part taken from each tract, compared with the whole tract from which it was taken, having reference in making the comparison to the date of the deed by which the tract was conveyed by the appellant.

The question as asked called for and elicited comparisons which did not furnish a proper basis for the computation of damages. All other questions presented by counsel are involved in and decided by what we have said.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellee, and the cause is remanded for a new trial.

Filed April 4, 1885.