Watts v. Fletcher et al.

No. 12,092.

WATTS v. FLETCHER ET AL.

| 107 | 391 |
| 159 | 534 |

PLEADING.— *Written Instrument.*—*Exhibit.*—It is only where a pleading is founded on a written instrument that the original or a copy must be filed with the pleading.

| 107 | 391 |
| 169 | 525 |

PROMISSORY NOTE. — *Assignment.* — *Defences.* — *Notice.* — *Deed.* — *Covenant Against Encumbrances.*—In a suit by the assignee of a non-commercial note, executed in consideration of the conveyance of real estate by warranty deed, an answer by the defendant that he had been compelled to pay an encumbrance on the land, and asking that the amount might be allowed against any sum due on the note, is good, without negativing notice on his part of the encumbrance when he took his deed, or charging the plaintiff with notice of the defence when the note was assigned to him.

From the Marion Superior Court.

*R. Denny*, for appellant.

*L. Jordan*, for appellees.

MITCHELL, J.—On the 10th day of August, 1874, John H. Wiley sold certain real estate in Marion county to George G. Turley. As security for the unpaid purchase-money, Turley delivered to Wiley his three promissory notes for $666.66 each, falling due, respectively, December 25th, 1875, 1876 and 1877. Collateral to the notes, Turley and wife executed a mortgage on the land sold.

The first note of the series seems to have been paid. About this there was no dispute. The second was assigned to Fletcher & Co., and the third to the appellant, Thomas E. Watts.

Fletcher & Co. commenced suit against Turley and wife, making Watts, the holder of the third note, a party defendant. Watts filed a cross complaint, in which he set up the note held by him, and a copy of the mortgage. He asked a personal judgment against Turley, and for the foreclosure of his mortgage lien. Subsequently, Fletcher & Co. abandoned all claim to relief of any kind on the note held by them, and the case progressed to judgment in favor of the appellee

Turley, on the issues made on the cross complaint and the answers thereto.

The first subject of discussion by appellant is the ruling of the court in overruling a demurrer to the third and fourth paragraphs of the answer to his cross complaint.

The substance of these answers is, that while the note sued on was held by Wiley, the cross complainant's assignor, the defendant Turley transferred to him a note against one Jennings, amounting to $866.11, the proceeds of which, when collected, were to be applied in liquidation of the note sued on. In one paragraph it is charged that Wiley collected on the Jennings note the sum of $900, which amount it is asked may be set off against any sum which may be found due on the note in suit. In the other paragraph it is charged that the amount of the Jennings note was lost by the negligence of Wiley in failing to use diligence in collecting it.

It is urged as an objection against both of these paragraphs, that a copy of the note alleged to have been transferred to Wiley is not set out with the answers. The argument is that the defences pleaded had their foundation on the note, and that within the provisions of section 362, R. S. 1881, a copy must have been filed. The note against Jennings, which is alleged to have been transferred by Turley to Wiley, is in no sense the foundation of the appellees' defence. *Locke* v. *Merchants Nat'l Bank*, 66 Ind. 353.

One paragraph of the answer was founded upon the fact that the appellant's assignor had received on the Jennings note, which had been transferred to him, a sum of money presumably sufficient to satisfy the note sued on. The other proceeded upon the theory that the appellant's assignor was chargeable with the amount of the Jennings note because of his negligent failure to collect it. Both defences rested upon an agreement in parol, which was entirely collateral to the note. Whether any other valid objection could have been made to either of the foregoing paragraphs we do not inquire.

It certainly is no sufficient objection that they do not set out a copy of the Jennings note.

The fifth paragraph of answer set up as a partial defence, that the consideration of the note in suit was certain real estate purchased and conveyed by deed of general warranty from Wiley to the defendant Turley. It was averred that there was an encumbrance upon the land at the time the conveyance was made, which Turley has been compelled to pay, at a cost of $800, which sum he asked might be allowed against any sum remaining due on the note.

Without stopping to state the specific objections urged against the sufficiency of this paragraph, it is sufficient to say it was not necessary, as is claimed by the appellant, that. the answer should have contained an averment that the defendant did not have notice of the encumbrance at the time he took his deed, or that it should have been charged that the appellant had notice of the alleged defence at the time the note sued on was assigned to him. The note was not commercial paper, and even if it had been, as it was long past due when it was assigned, it was subject to the same defences in the hands of the assignee, without notice, as it would have been in the hands of the original payee. *Henry* v. *Gilliland*, 103 Ind. 177.

The covenant against encumbrances, contained in Turley's deed, was available as a defence, even though at the time he took the deed he had knowledge of the mortgage, which he was subsequently compelled to pay. Notice of an encumbrance does not affect the right of a grantee to recover for the breach of an express covenant against encumbrances. *Burk* v. *Hill*, 48 Ind. 52 (17 Am. R, 731). There was no error in the rulings upon the pleadings.

Finally, it is argued, that the evidence does not support the finding, and that for that reason error intervened in overruling the appellant's motion for a new trial.

Upon the theory of the evidence, or the facts established, as assumed by counsel for appellant, we agree that the calcu-

lations made, and the conclusions drawn, make a plausible case in his favor. Conceding all this, it is nevertheless not even claimed that if the appellees' theory of the case, as presented by the evidence, should be accepted, the finding is not supported by the evidence.

As, under the often repeated rule, we can not weigh the evidence and decide between conflicting theories, the judgment must be affirmed, with costs.

Filed June 26, 1886; petition for a rehearing overruled Nov. 17, 1886.