Filed May 26, 1887.

No. 12,897.

## BLAIR ET AL. *v.* KIGER ET AL.

CANALS.—*Lands Appropriated for Reservoir Purposes.*— *Title Acquired.*—The Wabash and Erie Canal Company acquired title in fee to land appropriated by it in 1846 for a reservoir to supply the canal with water.

SAME.—*Assessment of Damages.*—*Lapse of Time.*— *Presumption.*—After the lapse of so long a time since the appropriation of the land, it will be presumed that damages were assessed and tendered or were waived.

From the Fountain Circuit Court.

*L. Nebeker, H. H. Dochterman* and *B. Crane,* for appellants.

*T. F. Davidson,* for appellees.

ELLIOTT, J.—The stipulations of the parties narrow this investigation to the question of the nature and extent of the interest taken by the Wabash and Erie Canal Company in the land in controversy.

In 1846 or 1847 the canal company took possession of the

land in dispute and cut down and burned the timber growing, on it.   A stream called Coal creek runs through the land and crosses the canal a short distance below the land claimed by the appellants.   At the point where the stream intersected the canal a dam was constructed for the purpose of making a reservoir for supplying the canal.   Guard-banks were con- structed for more than half a mile up the creek, for the pur pose of forming a basin, and locks were constructed at each end of the dam.   The canal was fed from the water collected in the basin, and boats passed through it.   Prior to the re moval of the timber a survey was made and the number of acres required for the reservoir was ascertained.

The acts of the canal company in 1846 must be regarded. as an appropriation of the land, and, after the long period that has elapsed since the seizure of possession, the presumption is that damages were assessed and tendered or were waived. *Brookville, etc., Co.* v. *Butler*, 91 Ind. 134, 135 (46 Am. R.. 580); Cooley Const. Lim. (5th ed.), 695.

If there was an appropriation of the land for the purposes of the canal, then, under the rule declared in the decisions of this court, the canal company acquired the fee.   *Water Works Co.* v. *Burkhart*, 41 Ind. 364; *Nelson* v. *Fleming*, 56 Ind. 310; *Cromie* v. *Board, etc.,* 71 Ind. 208; *City of Lo gansport* v. *Shirk*, 88 Ind. 563; *Brookville, etc., Co.* v. *But- ler, supra; Shirk* v. *Board, etc.,* 106 Ind. 573; *Frank* v. *Evansville, etc., R. R. Co., ante*, p. 132.

In our opinion there was an appropriation of the land for the canal, for it seems quite clear to us that the reservoir was part of the canal, and not merely an incident.   *Indiana, etc., Co.* v. *State*, 53 Ind. 575; *Sheets* v. *Selden*, 2 Wall. 177.

Reservoirs for supplying the canal with water are as much part of the canal as the locks and channel.   The case is en tirely unlike the *Brookville, etc., Co.* v. *Butler, supra*, for here the land was taken and used for a purpose essential to the existence of the canal, while there the pond was no part of the canal.   In that case we said: "The pond which

formed is not shown to have been a reservoir or basin of the canal, nor to have constituted any part of the channel." Here the basin was constructed as part of the canal, and the land was appropriated for that purpose.

