Filed March 6, 1888.

No. 13,058.

## QUICK, ADMINISTRATOR, v. TAYLOR.

RAILROAD.—*Condemnation Proceedings.—Title Acquired by.—Easement.*—A railroad company acquires only an easement in land taken for the purposes of its road by virtue of condemnation proceedings had under the general railroad law of the State.

CONVEYANCE.—*Breach of Covenants.—Encumbrance.—Easement.—Counter-Claim.—Promissory Note.*—The existence of an easement in favor of a railroad, which excludes the owner from the beneficial use and enjoyment of the land affected thereby, constitutes such an encumbrance as will support a counter-claim against a demand on a purchase-money note, even though the grantee knew of the existence of such easement at the time he received the conveyance.

PLEADING.—*Sufficiency of.—Conclusions of Law.*—The sufficiency of a pleading is to be determined from the facts set out, and not from erroneous conclusions of law which the pleader may have drawn therefrom.

From the Bartholomew Circuit Court.

*M. Hacker, W. T. Strickland* and *J. B. Reeves*, for appellant.

*J. W. Morgan*, for appellee.

MITCHELL, C. J.—This was a suit by the administrator of Tunis Quick, deceased, against Marshall Taylor, to re-

·cover a balance alleged to be due on a promissory note payable by the latter to the plaintiff's intestate.

The defendant presented, by way of counter-claim, that the note sued on had been given as part of the purchase price of a tract of land which had been conveyed to him by the decedent in the year 1874. It was alleged that the deed ·of conveyance contained full covenants of warranty, and that the whole purchase price, except one hundred and sixty-six dollars, the balance remaining due on the note in suit, had been paid. It is alleged that, prior to the year 1874, the Columbus and Shelbyville Railroad Company had located its right of way over the land so conveyed to the defendant, which right of way, it is averred, had been acquired by the company by means of certain condemnation proceedings duly had, in the Bartholomew Common Pleas Court, under the general railroad law in force since 1853. It is averred that the railroad company, by virtue of the above mentioned proceedings, acquired the title in fee simple to its right of way, which was alleged to be of the width of one hundred feet, and to embrace an acre and a fraction of land. In consequence of the location and condemnation above mentioned, the claim is made that the grantor had no title to the land covered by the right of way at the time the conveyance was made, and that the defendant had thereby sustained damage to the amount of two hundred and sixty-six dollars.

The appellant contends that the court erred in overruling the demurrer to the counter-claim, because, it is said, the answer proceeds upon the erroneous assumption that the railroad company acquired a fee simple title to the land condemned, instead of a mere easement or right of way over the real estate conveyed.

In a case somewhat analogous, where a defendant set up as a counter-claim, to a suit on a purchase-money note, that there had been an entire failure of title to a part of the land by reason of a prior conveyance to a railroad company, it was held that proof of the conveyance of a mere easement

in or right of way over the land, did not support the coun-
ter-claim pleaded.   *Douglass* v. *Thomas*, 103 Ind. 187.

. This was upon the theory that an easement or right of way
was nothing more than an encumbrance on the land, and a
breach of the covenant against encumbrances, and hence did
not sustain a counter-claim which alleged a breach of the
covenant of seizin.

It is well settled, that the covenant for seizin is not broken
by the existence of easements or encumbrances which do not
strike at or effect the technical seizin of the purchaser.   Rawle
Covenants (5th ed.), section 59 ; *Vaughn* v. *Stuzaker*, 16 Ind.
338 ; *Shelbyville, etc., T. P. Co.* v. *Green*, 99 Ind. 205 (215).

While it is true, that, under the act authorizing the State to
appropriate lands for the construction of the Wabash and
Erie Canal, it has been held that the State and its grantees,
successively, acquired the fee simple in lands thus appro-
priated, this ruling has been followed reluctantly, and has
not been applied except to lands acquired under the internal
improvement act of 1836.   *Water Works Co.* v. *Burkhart*, 41
Ind. 364; *Nelson* v. *Fleming*, 56 Ind. 310 ; *Cromie* v. *Board,*
*etc.*, 71 Ind. 208 ;   *City of Logansport* v. *Shirk*, 88 Ind. 563;
*Shirk* v. *Board, etc.*, 106 Ind. 573 ; *Blair* v. *Kiger*, 111 Ind.
193.

So far as we are advised, the rule which controlled the de-
cision of the cases above referred to has not been applied to
the taking of land by private, *or merely quasi* public corpo-
rations, in the absence of an express statute authorizing the
appropriation of the fee simple.   *Indianapolis, etc., R. W.*
*Co.* v. *Rayl*, 69 Ind. 424 ; *Prather* v. *Western Union Tel. Co.*,
89 Ind. 501.

The doctrine generally accepted is, that the right acquired
by the power of eminent domain extends only to an easement
in the land taken, unless the statute plainly provides for the
acquisition of a larger interest.   *Brookville, etc., Co.* v. *Butler*,
91 Ind. 134 (46 Am. R. 580) ; *Julien* v. *Woodsmall*, 82 Ind.
568 ; *Kansas Central R. W. Co.* v. *Allen*, 22 Kans. 285 ;

*Washington Cemetery* v. *Prospect Park, etc., R. W. Co.,* 68 N. Y. 591.

There can be no doubt that the State has the power to take land in fee for a public use; nor can it be doubted that power so to take land may, by express enactment, be conferred upon a railway or other corporation; but, unless the act from which the power to take is derived, in express terms, confers the power to take the fee, or unless the retention of the fee by the land-owner would be necessarily inconsistent with the use for which the land is to be appropriated, the presumption will be indulged that only an easement is to be taken. Mills Eminent Domain, sections 49, 50.

Conceding, as we do, that the interest taken by the railroad company under the appropriation proceedings mentioned in the answer was limited to an easement in, or right of way over, the land, it does not follow that the counter-claim pleaded, although not to be commended as a model of good pleading, was insufficient. It is true that it is alleged therein that the railway company acquired a title in fee simple in its right of way over the intestate's land, and that the latter had no title to the acre and a fraction embraced within the right of way, but it is also true that the answer sets up that the company acquired its interest in the land under and by virtue of certain condemnation proceedings, which were had under the general railroad law of the State. Without regard to the erroneous conclusion of the pleader that the railway company acquired a fee, it follows from the facts pleaded that it merely acquired an easement under the statute. The plea is to be judged by the facts pleaded, and not by the erroneous conclusions of law which the pleader may have drawn from those facts. The condemnation proceedings conferred upon the railway company an easement, and nothing more.

The authorities are not in harmony upon the proposition that an existing right of way over land, which is in use at the time of a sale and conveyance thereof, constitutes such

an encumbrance as authorizes a grantee, with knowledge of its existence, to maintain an action for breach of the covenants against encumbrances. The rule as accepted and declared by this and some other courts is, that the existence of an easement or right of way of a railroad, which excludes the owner from the beneficial use and enjoyment of the land affected thereby, constitutes such an encumbrance as will support an action, even though the grantee knew of its existence at the time he received the conveyance. *Burk* v. *Hill,* 48 Ind. 52 (17 Am. R. 731); *Watts* v. *Fletcher,* 107 Ind. 391; Rawle Cov. (5th ed.), sections 79–82.

The conclusion follows, that the facts pleaded show that there was an encumbrance upon the land at the time of the conveyance, which deprives the grantee of the enjoyment of so much of the land conveyed and warranted against encumbrances as is embraced within the right of way of the railroad.

None of the objections urged to the rulings of the court are, therefore, well taken. There was no error.

Judgment affirmed, with costs.

Filed March 6, 1888.