## SHERWOOD *v.* JOHNSON ET AL.

[No. 3,679.   Filed January 29, 1902.]

COVENANTS.—*Warranties.—Easements.—Vendor and Purchaser.*—Where real estate conveyed is encumbered by the easement of a way which was not excepted in the covenant of warranty, a right of action exists for damages arising therefrom, although the purchaser knew of the existence of the easement at the time of the purchase. *pp. 278–280.*

REFORMATION OF INSTRUMENTS.—*Deeds.*—A finding in an action for breach of covenants of a warranty deed, wherein defendant sought a reformation of the deed, that there was no mistake in drawing the deed, and that the land described in the deed was the land intended to be conveyed, takes the case from the operation of the rule that a deed will be reformed, where by mutual mistake of the parties the description inserted in the deed was not a description which would convey the lands which the parties to the deed had agreed and intended to convey. *pp. 280, 281.*

COVENANTS.—*Breach.—Evidence as to Value of Property.*—In the trial of an action for the breach of a covenant of warranty, evidence as to the value of the property must be confined to the date of the conveyance. *pp. 281–283.*

From Elkhart Circuit Court; *H. D. Wilson,* Judge.

Action by Guy C. Johnson and others against Mary S. Sherwood for breach of covenant of warranty. From a judgment in favor of plaintiffs, defendant appeals. *Reversed.*

*J. M. Van Fleet* and *V. W. Van Fleet,* for appellant.

*O. T. Chamberlain, P. L. Turner* and *R. M. Johnson,* for appellees.

HENLEY, J.—Appellees commenced this action against the appellant for an alleged breach of the covenants of a warranty deed. They asked for damages, and that the purchase-money mortgage executed by them be canceled. Appellants by way of counterclaim sought to reform the deed and to reform and foreclose the mortgage. Upon the trial appellees were allowed damages to the amount of $1,200, and appellant's purchase-money mortgage was foreclosed for the difference between that sum and the amount due on the mortgage. Appellant has assigned error as follows: (1) The court erred in each conclusion of law. (2) The court erred in refusing to modify the third finding of fact. (3) The court erred in overruling appellant's motion for a new trial. (4) The court erred in overruling appellant's demurrer to the amended complaint. Appellees have assigned cross-errors in which the action of the trial court in overruling their demurrer to the amended counterclaim is questioned.

It is first contended that the appellee's complaint does not state facts sufficient to constitute a cause of action. Briefly stated, the complaint avers, that, in consideration of the sum of $6,000, paid to appellants by appellees, Guy C. and Ruel M. Johnson, the appellants conveyed, by warranty deed, to said appellees a piece of ground with a front-

age of twenty-six feet on Main street and a depth of eighty-two and one-half feet on Pigeon street, with a right of way east of said tract twelve and one-half feet wide; that as an inducement to the purchase of the property, the appellants falsely represented to the appellees, Guy C. and Ruel M. Johnson, that said parcel of land was eighty-two and one-half feet in length, and twenty-six feet in width, with a cartway east of the east end thereof twelve and one-half feet wide; that appellees relied upon the representations and believed them to be true and acted thereon and purchased said real estate without knowing that said representations were false; that after they had purchased said real estate, they discovered that there was no cartway at the east end of said tract so purchased, but there was a cartway twelve and one-half feet wide upon said tract, seventy feet east of the west line thereof, which was an established and permanent easement thereon, and said real estate was encumbered with said easement at the time of the purchase and conveyance thereof, so that instead of appellees becoming the owners through said warranty deed from appellant of a strip of ground twenty-six feet wide and eighty two and one half feet long, plus a cartway at the east end thereof, said real estate was, in fact, but eighty two and one half feet long, with a cartway twelve and one half feet wide across the same, and leaving said real estate so conveyed but seventy feet in length; that, at the time of the conveyance of said real estate, it was worth, as said cartway actually existed, the sum of $2,500 less than it would have been worth if said cartway had been as described in the deed to appellees. A copy of the deed of conveyance is made a part of the complaint. The complaint further avers that appellee executed to appellant a mortgage on the premises conveyed, to secure the payment of $4,000 of the purchase money, and asks that by reason of the failure of title to a portion of the lot conveyed, that the damages sustained thereby be applied to the reduction of the mortgage.

We think the complaint states a cause of action. The cases in this State are to the effect that it is immaterial whether or not the purchaser knew of the existence of the easement. If it in fact existed, and was not excepted in the covenant of warranty, a right of action exists for damages arising therefrom. In the case of *Quick* v. *Taylor*, 113 Ind. 540, the Supreme Court, by Mitchell, J., say: "The authorities are not in harmony upon the proposition that an existing right of way over land, which is in use at the time of a sale and conveyance thereof, constitutes such an encumbrance as authorizes a grantee, with knowledge of its existence, to maintain an action for breach of the covenants against encumbrances. The rule as accepted and declared by this and some other courts is, that the existence of an easement or right of way of a railroad, which excludes the owner from the beneficial use and enjoyment of the land affected thereby, constitutes such an encumbrance as will support an action, even though the grantee knew of its existence at the time he received the conveyance." To the same effect is *Burk* v. *Hill*, 48 Ind. 52, 17 Am. Rep. 731; *Watts* v. *Fletcher*, 107 Ind. 391.

Appellant contends that the special findings entitle her to a reformation of the deed, as asked for in her counterclaim. As we read the special findings, they sustain every material allegation of appellee's complaint, and find against appellant, both as to the mutuality of the mistake in the description of the real estate and as to the mutuality of the mistake in the tract agreed upon as averred in her counterclaim. The court, under the evidence, might have, and did in fact, find that there was no mistake in drawing the deed; that the land described in the deed was the land intended to be conveyed, and these findings take the case from the operation of the rule that the deed will be reformed where there has been a mutual mistake of the parties as to the description, in this, that the description inserted in the deed was not a description which would convey the lands which the parties

to the deed had agreed and intended to convey. Such were the facts and such was the rule announced in *Comstock* v. *Coon*, 135 Ind. 640; *McCasland* v. *Aetna Life Ins. Co.*, 108 Ind. 130; *Bush* v. *Hicks*, 60 N. Y. 298; *Fuchs* v. *Treat*, 41 Wis. 404.

It having been found that there was no mistake in drawing the deed in question, all the parties thereto are simply held to the full measure of the contract as therein expressed. It seems to be settled law that a deed may be reformed, although both parties intend that the description of the land should be expressed in the words actually used, if both parties understood the boundaries to describe a smaller parcel identified by them than was, in fact, identified by the description used. *Bush* v. *Hicks, supra,* and cases cited; *Gooder* v. *Riley*, 153 Mass. 585, 28 N. E. 228, and cases cited. And when both parties to a conveyance have intended to describe a certain piece of land, identified by their senses and by the words of their previous agreement, and have used words supposed by them to be apt for their purpose, but in fact described the agreed parcel and something more, the full purport of all their acts taken together is only to convey the parcel of land intended. *Fuchs* v. *Treat, supra*; *Paine* v. *Woods*, 108 Mass. 160; *Waterman* v. *Johnson*, 13 Pick. 261; Dembitz on Land Titles, §5, p. 32; *Sparks* v. *Pittman*, 51 Miss. 511.

It was under the law as above announced that appellant's counterclaim was drawn. This counterclaim stated a cause of action against appellees, and if the court had found the necessary facts, from the evidence adduced, to sustain its material averments, the finding would not be disturbed. As we read the evidence it is conflicting and unsatisfactory upon the material facts.

Counsel for the appellant contend that the trial court erred in admitting the evidence of E. A. Jones, a witness for appellees, who was permitted to testify, over the objection of appellant, that the land conveyed was of a certain

value at the time of the trial of this cause and long after the date of the deed. It seems that the courts of this State have uniformly held that evidence of the value of the property, with or without the encumbrance by which the damages for the breach of the covenants are estimated, must be confined to the date of the conveyance. Nor is it material to inquire into the purpose for which the land was bought, nor the use to which the grantee intended to put it, and this is true without regard to whether the grantor knew or did not know of the use contemplated by the grantee.

In *Kellogg* v. *Malin,* 62 Mo. 429, the syllabus writer said: "Evidence of plaintiff's object in purchasing is inadmissible in a suit for damages on the covenants against encumbrances on account of the existence of a right of way." In *Phillips* v. *Reichert,* 17 Ind. 120, 79 Am. Dec. 463, the court say: "We think, in principle, the fact that land was bought for a particular purpose, which was known to the vendor, can make no difference in respect to the rule of damages for a breach of the covenants. The purpose for which the land was bought does not enter into the covenants. They bind the covenantor that he is seized of the land, and that he will warrant and defend the title, or in default thereof, that he will return the purchase money and interest; or, if the title fail in part, that he will return a ratable proportion of the purchase money and interest." It seems that the value of the whole tract conveyed at the time of the conveyance will be taken to be the true consideration which passed between the contracting parties, and if the grantee has been deprived of the use of any part of the premises, or evicted from any part thereof, the measure of his damages will be the value which that specific part of the land bore to the value of the whole land conveyed, and this relative value is to be ascertained with reference to the time of the conveyance, and not of the time of the trial. *American, etc., Coal Co.* v. *Seitz,* 101 Ind. 182. The courts of Massachusetts have established a

different rule. *Richmon* v. *Ames*, 164 Mass. 467, 41 N. E. 671.

Questions similar to those asked the witness Jones were asked other witnesses for appellee, and were objected to by counsel for appellant because, when the witnesses were asked to estimate the amount the premises were diminished in value by reason of the alleged breach of warranty, they were not confined to the date of the conveyance. This, we think, was an error which the record clearly shows resulted in harm to appellant. For this error, the judgment of the trial court must be reversed.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.