[No. 7993.]

## ERIKSEN v. WHITESCARVER.

1. ENCUMBRANCE—*Easement*. The right of way for an irrigating ditch is an encumbrance upon the land subject to such easement. (411)

2. VENDOR AND VENDEE—*Covenant to Convey Clear of Encumbrance*. Knowledge on the part of the purchaser of lands, of an easement to which they are subject does not relieve the vendor of his covenant to convey clear of encumbrance, in the absence of evidence that the parties intended that such encumbrance should be excluded from the covenant. The property bargained for being city lots, intended merely for building sites, mere knowledge of the existence of the easement does not manifest such intent on the part of the purchaser. (411, 412)

The effect of such knowledge, were the lands agricultural lands, not decided. (412)

*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Messrs. MELVILLE, SACKETT & CALVERT, for plaintiff in eror.

Mr. WARWICK M. DOWNING, for defendant in error.

The parties to this proceeding entered into a written contract for the exchange of real estate, consisting of building lots in the City of Denver. The contract, after reciting that the property of Mrs. Eriksen was incumbered, and that Mrs. Whitescarver was to assume this incumbrance, and also stating what taxes each should assume, provided that Mrs. Whitescarver should convey her lots, (seventeen in number) by good and sufficient warranty deed, and that each should furnish an abstract of title to the property conveyed, and a marketable and merchantable title, and except as specified, each was to convey free and clear of all incumbrances. Mrs.

Whitescarver furnished an abstract of title to the property she was to convey, which Mrs. Eriksen submitted to her attorneys, who advised her that it exhibited several substantial defects of title. In addition they advised her that a right of way, for an irrigation ditch, crossed the premises, although not shown on the abstract, was probably an incumbrance. Shortly after, at a conference between the parties, Mrs. Eriksen refused to convey her property, or accept a conveyance from Mrs. Whitescarver, because of defects in the title of the property to be conveyed by her, and for the further reasons, that it was incumbered by a right of way for an irrigation ditch. Mrs. Whitescarver, without attempting to correct the alleged defects in her title, or to adjust the ditch right of way, then brought an action for specific performance of the contract. By answer Mrs. Eriksen set up defects in the title of the property of Mrs. Whitescarver, and also the existence of the right of way for the irrigation ditch across them, and for these reasons prayed that she be not required to comply with the contract, and have judgment to the effect that her property be unaffected thereby.

The court found generally in favor of plaintiff, and also that defendant visited the premises to be conveyed by plaintiff prior to the time the contract for exchange was entered into between the parties, and knew that the ditch and right of way, of which defendant complained, and on account of which she refused to carry out the contract, was located on these premises. A decree was then entered requiring the defendant to comply with her contract, and she brings the case here for review on error.

The testimony bearing on the ditch is to the effect that a right of way for this purpose existed over and across seven of the lots, some of which it intersected near the center; that the ditch in places was as much as four feet in depth, and many feet in width at the top; that its capacity was three hundred and fifty inches per

second; that it was detrimental, not only on account of the ground it occupied, but because through seepage therefrom, water would accumulate in cellars of buildings constructed on the lots, and that it would cost a very considerable sum, variously estimated from one hundred and fifty dollars to several hundred dollars, to pipe it through the alley abutting the lots so as to prevent seepage, and secure the full use of the lots. There is testimony to the effect that the husband of defendant, prior to entering into the contract, visited the lots and perhaps was aware of the existence of the ditch, although at that time water was not running therein. It is doubtful, however, if he knew that the ditch was used for the purpose of carrying water for irrigation. The purpose of securing title to the lots was to erect dwellings thereon.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The right of way for an irrigation ditch is an easement, and constitutes an incumbrance upon land subject to such easement. Plaintiff covenanted to convey her lots free and clear of such an incumbrance. The mere fact that defendant may have known of the existence of the ditch, at the time she signed the contract did not relieve the plaintiff from complying with her covenant respecting the character of the title she agreed to convey. To produce such result there must, in addition to notice, have been at least something in the transaction to show that the parties intended the incumbrance should be excluded from the operation of this covenant. The very purpose of the covenant was protection against defects in the title, and to hold that defendant was thereby only protected against unknown defects would rob the covenant of its value, besides destroying the force of its language. The lots involved are building lots. Defendant intended to erect dwellings thereon. She did not intend to use them for agricultural purposes. Consequently, the existence of the ditch, as the testimony discloses, would interfere with their intended use. Mere

knowledge then of defendant, of the existence of the right of way for the ditch did not indicate even an intent on her part to treat this incumbrance as excluded from the covenant of plaintiff to convey free and clear of all incumbrance.—*Barlow v. Delaney* (C. C.) 40 Fed. 97; *Sherwood v. Johnson,* 28 Ind. App. 277, 62 N. E. 645; *Eller v. Moore,* 48 App. Div. 403, 63 N. Y. Supp. 88; *Harlow v. Thomas,* 15 Pick. (Mass.) 66; *Flynn v. White Breast C. & M. Co.,* 72 Iowa, 738, 32 N. W. 471; *Quick v. Taylor,* 113 Ind. 540, 16 N. E. 588; *Farrington v. Tourtelott* (C. C.) 39 Fed. 738; *Kellogg v. Malin,* 50 Mo. 496, 11 Am. Rep. 426; *Burk v. Hill,* 48 Ind. 52, 17 Am. Rep. 731.

What might be the rule where lands incumbered by a right of way for an irrigation ditch, and conveyed for agricultural purposes of which the vendee had notice at the time of the conveyance is not involved, and what we have said on the subject of any such easement is confined and limited to the facts before us.

It is apparent that plaintiff could not comply with her covenant to convey her lots to defendant free and clear of incumbrance, at the time she commenced her action, and it was therefore error to decree a specific performance of the contract.

The judgment of the District Court is reversed and the cause remanded with directions to enter a judgment that plaintiff take nothing by her action and that the contract between the parties be annulled.

*Judgment reversed and cause remanded with directions.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE HILL concur.